UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jay S. Fleming, Debra K. Fleming,

        Plaintiffs,

v.

HSBC Finance Corporation, a Delaware corporation, as successor-in-interest to Decision One Mortgage Company, LLC, a North Carolina limited liability company dba Decision One Mortgage Company, Inc., a Minnesota corporation; Select Portfolio Servicing, Inc., a Utah corporation; U.S. Bank National Association, as Trustee of the Home Equity Asset Trust 2007-3; ABC Corporation; also all other persons unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein,

        Defendants.

Civil No. 13-1039 (JNE/JJK)
ORDER

    Plaintiffs Jay and Debra Fleming ("the Flemings") sued Defendants HSBC Finance Corporation ("HSBC"), as successor-in-interest to Decision One Mortgage Company ("Decision One"); Select Portfolio Servicing, Inc. ("Select"); U.S. Bank National Association ("U.S. Bank"); and ABC Corporation ("ABC"). This case is before the Court on motions to dismiss filed by U.S. Bank, Select, HSBC, and Decision One. The Flemings have not opposed these motions.

    When ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a court must accept the facts alleged in the complaint as true and grant all reasonable inferences in favor of the plaintiff. *Mulvenon v. Greenwood*, 643 F.3d 653, 656 (8th Cir. 2011). Although a complaint is not required to contain detailed factual allegations, "[a] pleading that offers 'labels

1

and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Counts I and II allege that HSBC and Decision One violated Minn. Stat. §§ 58.13, .161 when the Flemings entered into two loans with Decision One on December 14, 2006.[1] The Flemings did not commence their action until April 2013; consequently, the Flemings' claims are barred by the six-year statute of limitations for "liabilit[ies] created by statute." Minn. Stat. § 541.05, subd. 1(2); *see Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011) ("As a general rule, the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense." (quotation omitted)); *Sykora v. Chase Home Fin.*, Civ. No. 12-775 (RHK/JSM), 2012 WL 2979142, at *2 ( D. Minn. July 20, 2012) (dismissing plaintiffs' claims under Minn. Stat. § 58.13 because the six-year statute of limitations began to run when the plaintiffs executed the mortgage but plaintiffs did not commence a lawsuit until eight years later).

---

[1] The Flemings executed two mortgages and promissory notes on December 14, 2006. They allege in their Complaint that they were given the one of the loans on December 14, 2006 and that the second loan was closed concurrently with the first. (Compl. ¶¶ 10, 15.) Moreover, U.S. Bank and Select provided the Court with a partial copy of the first mortgage, and it is dated December 14, 2006. *See Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008) (noting that on a motion to dismiss the court can consider documents necessarily embraced by the complaint).

Counts III, IV, and VII allege various statutory and common-law violations based on the alleged failure of some of the Defendants to record assignments. The Flemings assert "upon information and belief" that their "Mortgages and/or Mortgage Loans were sold and/or assigned numerous times to several different entities" and those assignments were not recorded. (Compl. ¶¶ 68, 70, 80–81, 99.) [2] But the Flemings have failed to plead any factual content that allows the Court to draw a reasonable inference that unrecorded assignments exist. *See Segura v. Fed. Nat'l Mortg. Ass'n*, Civ. No. 13-531 (SRN/JJK), 2013 WL 3034096, at *3 (D. Minn. June 17, 2013) (noting that the allegation upon information and belief of the existence of an unrecorded assignment is "the sort of implausible statement that *Twombly* and *Iqbal* prohibit"); *Mine v. Fed. Home Loan Mortg. Corp.*, Civ. No. 13-220 (ADM/JSM), 2013 WL 2443852, at *4 (D. Minn. June 5, 2013) ("To the extent that Mine argues 'upon information and belief' that Freddie Mac acquired an unrecorded [assignment of mortgage] before the start of foreclosure proceedings, Mine is rehashing another implausible allegation without proof. Mine essentially asks the Court to assume that an assignment occurred because he alleges it occurred." (citation omitted)).

In Count V, the Flemings allege a violation of Minn. Stat. §§ 331A, 580.03 because the notice of foreclosure sale "was not published in a qualified newspaper that was likely to give notice in the affected area or to whom it was directed because it was not published where the Property was located." (Compl. ¶ 89.) Minn. Stat. § 580.03 requires six weeks' published notice of a foreclosure sale. The public notice must be published in a "qualified newspaper . . . that is likely to give notice in the affected area or to whom it is directed." Minn. Stat. § 331A.03,

---

[2] Throughout these counts, the Flemings assert that the "Mortgages and/or Mortgage Loans" were assigned but not recorded. It is unclear whether the Flemings are referring to the mortgages or to the promissory notes. If the Flemings are referring to the promissory notes, the Court rejects their claims because under Minnesota law, an assignment of a promissory note need not be recorded. *See Stein v. Chase Home Fin., LLC*, 662 F.3d 976, 979 (8th Cir. 2011); *Jackson v. Mortg. Elec. Registration Sys., Inc.* 770 N.W.2d 487, 501 (Minn. 2009).

subdiv. 1. A "qualified newspaper" is one which is "circulated in the political subdivision which it purports to serve." Minn. Stat. § 331A.02, subdiv. 1(d). "Political subdivision" means "a county, municipality, school district, or any other local political subdivision or local or area district, commission, board, or authority." *Id.* § 331A.01, subdiv. 3. The Minnesota Secretary of State publishes a list of qualified legal newspapers. *See* http://www.sos.state.mn.us/index.aspx?page=98. The Anoka County Union, the newspaper in which the notice was published, is one of the listed qualified legal newspapers in Anoka County. Fridley, where the mortgaged property is located, is also in Anoka County. The Flemings misplace their reliance on two exhibits attached to the Complaint to assert that the Anoka County Union is not a qualified newspaper. The Flemings allege that Exhibit A is the Union's rate card, and they assert upon information and belief that the shaded areas on a map indicate where the Union is distributed. But the map has no caption and no explanation, and nothing on Exhibit A indicates what the shaded areas mean. Exhibit B is a question-and-answer page that states that the Union is the official newspaper for several cities, not including Fridley; but it does not state—as the Flemings allege—that the Union is not distributed in Fridley. The Complaint contains no other facts to support its allegation that the Anoka County Union was not an appropriate legal publication for the notice of foreclosure. *See Schulz v. Wells Fargo Bank, N.A.*, Civ. No. 12-2147 (JNE/JSM), 2012 WL 6591457, at *2 (D. Minn. Dec. 18, 2012) (rejecting claim that a notice was not published in a qualified newspaper when the newspaper was listed on the secretary of state's website as a qualified newspaper that was circulated in the county where the property was located).

Count VI alleges negligent misrepresentation against HSBC and Decision One. Under Minnesota law, an allegation of negligent misrepresentation is an allegation of fraud. *Trooien v. Mansour*, 608 F.3d 1020, 1028 (8th Cir. 2010). Fraud claims must be brought within six years from "the discovery by the aggrieved party of the facts constituting the fraud." Minn. Stat. § 541.05, subd. 1(6). The Flemings' negligent misrepresentation allegations all stem from the terms of the loans they entered into in December 2006, and the Flemings would have been aware of the facts underlying their negligent misrepresentation claim at the time they entered into their loans. *See Simonson v. Ameriquest Mortg. Co.*, Civ. No. 06-2943 (ADM/AJB), 2006 WL 3463000, at *4 (D. Minn. Nov. 30, 2006) ("No statute or case requires that the aggrieved party know all the legal consequences that flow from those facts."). Because the Flemings commenced their action more than six years after they entered into their loans, their negligent misrepresentation claim is time-barred.

Finally, Count VIII raises a qui-tam action against Defendants, asserting that because Defendants did not "record the assignments of the Mortgages and/or Mortgage Loans, the state of Minnesota, Minnesota counties, and Minnesota citizens, were deprived of thousands of dollars of recording fees due under the Minnesota Statutes § 357.18, 508.82, 508A.82." (Compl. ¶ 112.) The Flemings seek to enforce these statutes through Minnesota's private attorney general statute—Minn. Stat. § 8.31, subd. 3a—but the private attorney general statute does not apply to any of the statutory provisions that the Flemings seek to enforce. *See* Minn. Stat. § 8.31, subd. 3a (allowing a private individual to bring suit who is injured by a violation of laws referred to in subdivision 1), subd. 1 (listing multiple statutes, but not including Minn. Stat. § 357.18, 508.82, 508A.82); *see also Pope v. Wells Fargo Bank, N.A.*, Civ. No. 11-2496 (SRN/FLN), 2012 WL 1886493, at *4 (D. Minn. May 23, 2012) (rejecting similar qui-tam claim).

Because the Complaint fails to state any claim upon which relief can be granted, the Court grants Defendants' motions to dismiss the Complaint.[3]

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Select and U.S. Bank's Motion to Dismiss [Docket No. 3] and HSBC and Decision One's Motion to Dismiss [Docket No. 14] are GRANTED.

2. The Plaintiff's Complaint is DISMISSED against all Defendants.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 5, 2013

s/Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge

---

[3] The Complaint identifies ABC as a "fictitious designation, the identity of which is not known at this time." (Compl. ¶ 6.) "[A]n action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Counts III, IV, V, VII, and VII are alleged against ABC and other Defendants. Not only has the Court determined that these counts are meritless, but there are no specific allegations in the Complaint that would allow the identity of ABC to be ascertained after reasonable discovery. Therefore, the Court dismisses the Complaint against ABC.